SIGNED THIS: January 14, 2013

_____
**Gerald D. Fines
United States Bankruptcy Judge**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | ) |
| | ) |
| VERONICA S. LAURENT, | ) Bankruptcy Case No. 11-91777 |
| | ) |
| Debtor. | ) |

OPINION

This matter having come before the Court for hearing on a Second Amended Motion for Turnover filed by the Chapter 7 Trustee, Kristin L. Wilson, and an Answer and Argument to Second Amended Motion for Turnover Order filed by the Debtor; the Court, having reviewed the record of Debtor's bankruptcy proceeding and the arguments of the parties, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in dispute and are, in pertinent part, as follows:

1. The Debtor filed for relief under Chapter 7 of the Bankruptcy Code on September 28, 2011.

2. The Chapter 7 Trustee conducted a Section 341 Meeting of Creditors on November 16, 2011.

3. The Debtor's Chapter 7 Bankruptcy Petition and Schedules did not reveal any interest in a trust or real estate.

4. The Debtor received a discharge under Chapter 7 of the Bankruptcy Code on January 20, 2012, and the case was closed on February 10, 2012.

5. On October 29, 2012, the Office of the United States Trustee filed a Motion to Reopen Debtor's bankruptcy case, and Kristin L. Wilson was appointed as the Trustee of the re-opened case.

6. The request to reopen by the United States Trustee was prompted by an investigation which revealed that the Debtor received funds from a divorce decree entered on September 23, 2009, in Livingston County, Illinois, in Case No. 2007-D-171, that were not disclosed in her schedules or at the Debtor's Section 341 Meeting of Creditors.

7. The Office of the United States Trustee also discovered that the Debtor received real estate, located at 327 East James Street, Forrest, Illinois, from the divorce decree entered on September 23, 2009, in Livingston County, and that said real estate was subsequently put into the Veronica Sue Callihan Trust. None of this information was disclosed to the Chapter 7 Trustee either through the Debtor's Chapter 7 Bankruptcy Petition and Schedules or at the Debtor's Section 341 Meeting of Creditors.

8. The Chapter 7 Trustee contends that the undisclosed funds and undisclosed real estate should be administered in this Chapter 7 proceeding and distributed to the Debtor's unsecured creditors.

9. In addition to the turnover request filed by the Chapter 7 Trustee, the Office of the United States Trustee filed an adversary proceeding, under case No. 12-9071, seeking revocation

of the Debtor's Chapter 7 discharge pursuant to the provisions of 11 U.S.C. §727(d)(1), making applicable 11 U.S.C. §§727(a)(2)(A) and (4)(A). An Agreed Order was entered on December 14, 2012, in which the Debtor consented to the revocation of her discharge pursuant to the provisions of 11 U.S.C. §727(d)(1).

## Conclusions of Law

The Chapter 7 Trustee contends that the Debtor's actions in failing to disclose the existence of the Trust, which included funds and real estate awarded in her Livingston County, Illinois, divorce proceeding were an attempt by the Debtor to hinder, delay, or defraud her creditors. As such, the Trustee contends the funds and real estate should be administered for the benefit of the Debtor's unsecured creditors. As authority for her position, the Trustee cites In re Yonikus, 996 F.2d 866 (7th Cir. 1993), for the proposition that the Debtor's failure to disclose assets and the resulting revocation of her Chapter 7 discharge bars her from claiming any exemption or basis to shield the funds and real estate in the subject Trust from administration for the benefit of her unsecured creditors.

In response to the Chapter 7 Trustee's argument that the real estate and funds contained in the subject Trust should be administered for the benefit of the Debtor's unsecured creditors, the Debtor argues that the assets are exempt pursuant to the provisions of 735 ILCS 5/12-1001(g)(4), and that her failure to disclose the existence of these assets was not as a result of any fraudulent intent or conduct on the part of the Debtor. Debtor argues that she simply did not report the Trust based upon the fact that she has neither a proprietary interest nor control over the Trust or the assets therein.

In considering the undisputed facts in this matter, the Court finds that the Debtor's assertion that she had no fraudulent intent is belied by the fact that she has agreed to the revocation of her discharge pursuant to the provisions of 11 U.S.C. §727(d)(1). It is clear from the undisputed facts that the Debtor was well aware of the existence of the subject Trust and of the assets in that Trust. Not only did the Debtor fail to disclose the existence of the Trust and of

the assets, but she also failed to disclose the transfer of the assets into the Trust within two years of filing for Chapter 7 bankruptcy relief. Under the undisputed facts, it is clear that the Debtor in this case had every opportunity to disclose the funds and real estate which she received in her 2009 divorce proceeding and the transfer of those assets into the subject Trust. Timely disclosure of those assets and the transfer into the subject Trust is clearly mandated by the Bankruptcy Code. Fraudulent intent on the part of the Debtor must be inferred from the clear undisputed facts in this matter and her consent to revocation of her Chapter 7 discharge under the provisions of 11 U.S.C. §727(d)(1).

###